UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMALYNN ARNOLD,

                Plaintiff,

                              CIVIL CASE NO. 07-10209

v.

TORIANO TREADWELL, *et al.*,        HONORABLE PAUL V. GADOLA
                                            U.S. DISTRICT COURT

                Defendants.
_____/

## ORDER GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF

Plaintiff filed a complaint in this Court on January 12, 2007, containing a total of three counts. Only Count I alleged a violation of federal law. Therefore, after consideration of the relevant factors, the Court dismissed Counts II and III. *See Arnold v. Treadwell*, Slip Copy, 2007 WL 268807 (E.D. Mich. Jan. 25, 2007).

Defendants Torriano Treadwell and Anthony Thomas filed an answer to the complaint on April 4, 2007. *See* docket entry #18. Defendants Don Diva South, Inc.; Harp Productions, Inc.; and Harp Promotions, Inc. (the "Harp-Diva Defendants") filed an answer on May 11, 2007. Plaintiff then filed a motion to strike the Harp-Diva Defendants' answer because their counsel of record was not admitted to the Eastern District of Michigan and Defendants' had not otherwise obtained local counsel. *See* E.D. Mich. LR 83.20(f). Following a hearing on the matter, Magistrate Judge Morgan granted Plaintiff's motion to strike the answer finding that no properly admitted attorney represented the Harp-Diva Defendants. The Harp-Diva Defendants' answer was stricken from the record on August 3, 2007.

On August 7, 2007, local attorney Alvin L. Keel entered an appearance on behalf of the Harp-Diva Defendants. Also on August 7, 2007, Plaintiff filed a request for a Clerk's entry of default against the Harp-Diva Defendants for failure to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). A Clerk's entry of default was entered on the same day. *See* docket entry #28.

On August 18, 2007, Plaintiff filed a motion for default judgment against the Harp-Diva Defendants under Federal Rule of Civil Procedure 55(b). The Harp-Diva Defendants did not file an answer to the complaint nor file an answer to the motion for default judgment. Therefore, on September 14, 2007, the Court issued an order to show cause, within eleven days, why the Harp-Diva Defendants failed to file a valid answer and why they failed to respond to Plaintiff's dispositive motion. The Harp-Diva Defendants were warned that failure to respond may lead to the entry of a default judgment in favor of Plaintiff. No response to the September 14, 2007 Order to Show Cause was filed.

Accordingly, the Harp-Diva Defendants have failed to file an appropriate answer to the complaint, failed to file a response to Plaintiff's motion for default judgment, and have failed to respond to the Court's Order to Show Cause. Therefore, the Court is left without justification as to why default judgment should not be entered in favor of Plaintiff and against the Harp-Diva Defendants.

"When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1998) (emphasis added) (footnotes omitted). "In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it." *Id.* at §

2685. Examples of the factors that some courts have considered include:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. Plaintiff's actions also may be relevant; if plaintiff has engaged in a course of delay or has sought numerous continuances, the court may determine that a default judgment would not be appropriate. Finally, the court may consider whether it later would be obliged to set aside the default on defendant's motion, since it would be meaningless to enter the judgment as a matter of course if that decision meant that the court immediately would be required to take up the question of whether it should be set aside.

*Id.* (footnotes omitted).

In the present case, after considering all the relevant facts on the record, the Court finds that the entry of a default judgment in favor of Plaintiff and against the Harp-Diva Defendants is appropriate for several reasons. First, Plaintiff has undertaken a good-faith effort to diligently prosecute this case while the Harp-Diva Defendants have failed to provide any meaningful response. Second, the Harp-Diva Defendants have failed to respond to both the orders of this Court and Plaintiff's filings. Such a failure cannot be characterized as merely technical but must be considered willful indifference to the claims brought against them. Third, the Harp-Diva Defendants have not presented any reason why a default judgment should not be entered. Therefore, the Court can only conclude that no valid reason exists. Finally, at this juncture, the Court has no reason to believe that it will be obliged to set aside a default judgment against Harp-Diva Defendants at a later date.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for a default judgment [docket entry #29] in favor of Plaintiff and against Defendants Don Diva South, Inc.; Harp Productions, Inc.; and Harp Promotions, Inc. (the "Harp-Diva Defendants") is **GRANTED**.

**IT IS FURTHER ORDERED** that the Harp-Diva Defendants; their agents and employees; and all persons in active concert or participation with them; are **ENJOINED AND RESTRAINED** from:

    (A) Using any reproduction or colorable imitation of any photograph, image, or likeness of Plaintiff Daimalynn Arnold; and

    (B) Making or causing to be made, in any manner, any advertisement, statement, indication, suggestion or representation, or performing any act likely to lead to, the public or individuals members of the public to believe that the Harp-Diva Defendants are in any manner, directly or indirectly, associated, connected with, licensed, authorized, endorsed, or approved by Plaintiff.

**IT IS FURTHER ORDERED** that the Harp-Diva Defendants shall immediately **DESTROY** all advertising materials having or bearing any photograph or likeness of Plaintiff, or colorable imitations thereof, including any and all digital, electronic, or computerized images.

**IT IS FURTHER ORDERED** Plaintiff shall **SUBMIT** a motion for monetary damages with respect to this default judgment, within **TWENTY-ONE (21) DAYS** of the entry of this order. The motion and/or accompanying brief shall provide full factual and legal support for the damages sought under this judgment.

**SO ORDERED.**

Dated:   October 18, 2007                                     s/Paul V. Gadola
                                                                                HONORABLE PAUL V. GADOLA
                                                                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 18, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Hattem A. Beydoun; Henri O. Harmon; Alvin L. Keel; Jeffrey P. Thennisch; Brian D. Wassom , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                                               s/Ruth A. Brissaud
                                                               Ruth A. Brissaud, Case Manager
                                                               (810) 341-7845